UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

CIVIL ACTION NO. 16-437-DLB

LINDA LOUISE LAWSON                                        PLAINTIFF

vs.                      **MEMORANDUM OPINION AND ORDER**

NANCY A. BERRYHILL, Acting
Commissioner of Social Security                            DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On January 1, 2014, Plaintiff Linda Louise Lawson filed an application for disability insurance benefits ("DIB"), alleging disability beginning on October 15, 2013. (Tr. 255-56). Specifically, Plaintiff alleged that she was limited in her ability to work due to degenerative disc disease. (Tr. 270).

Plaintiff's claim was denied initially and on reconsideration. (Tr. 205-08, 213-19). At Plaintiff's request, an administrative hearing was conducted on October 14, 2015, before Administrative Law Judge ("ALJ") Don Paris. (Tr. 140-80). On November 16, 2015, ALJ Paris ruled that Plaintiff was not entitled to benefits. (Tr. 120-36). This decision

1

became the final decision of the Commissioner when the Appeals Council denied review on September 28, 2016. (Tr. 1-7).

On November 28, 2016, Plaintiff filed the instant action. (Doc. # 1). This matter has culminated in cross-motions for summary judgment, which are now ripe for the Court's review. (Docs. # 12 and 14).

## II. DISCUSSION

### A. *Overview of the Process*

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *Id.* Rather, the Court must affirm the Commissioner's decision, provided it is supported by substantial evidence, even if the Court might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). If supported by substantial evidence, the Commissioner's findings must be affirmed, even if there is evidence favoring Plaintiff's side. *Listenbee v. Sec'y of Health & Human Servs.*, 846 F.2d 345, 349 (6th Cir. 1988). Similarly, an administrative decision is not subject to reversal merely because substantial evidence would have supported the opposite conclusion. *Smith v. Chater*, 99 F.3d 780, 781-82 (6th Cir. 1996).

The ALJ, in determining disability, conducts a five-step analysis. Step One considers whether the claimant is still performing substantial gainful activity; Step Two, whether any of the claimant's impairments are "severe"; Step Three, whether the impairments meet or equal a listing in the Listing of Impairments; Step Four, whether the claimant can still perform her past relevant work; and Step Five, whether significant numbers of other jobs exist in the national economy which the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

## B.     *The ALJ's Determination*

At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity from her alleged onset date, October 15, 2013, through her date last insured. (Tr. 125). At Step Two, the ALJ determined that Plaintiff had severe impairments: degenerative disc disease of the lumbar spine, status post L5/S1 discectomy in 2011 and obesity. (Tr. 125). At Step Three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that "meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." (Tr. 128). Specifically, the ALJ considered Listing 1.02 and found that Plaintiff was "able to ambulate effectively without weight bearing difficulty and perform fine and gross movements effectively." (Tr. 128). The ALJ also considered Listing 1.04 and found that the record was "devoid of evidence of nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis with accompanying ineffective ambulation to independently initiate, sustain or

3

complete activities and sustain a reasonable walking pace over a sufficient distance to carry out daily activities of living." (Tr. 128-29).

At Step Four, the ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform light work, as defined in 20 C.F.R. § 404.1567(b), with the exertional and non-exertional limitations as follows:

> [T]he claimant can lift and carry 20 pounds occasionally and 10 pounds frequently. She can stand and walk for a total of six hours in an eight-hour workday, and sit a total of six hours in an eight-hour workday. The claimant occasionally can climb ramps and stairs and occasionally climb ladders, ropes and scaffolds. She can occasionally kneel, crouch and crawl. She must avoid concentrated exposure to extreme cold, concentrated full-body vibrations and avoid exposure to hazards such as unprotected heights and dangerous machinery.

(Tr. 129). Based upon the RFC, the ALJ concluded that Plaintiff was not able to perform her past relevant work. (Tr. 132). Accordingly, the ALJ proceeded to Step Five and found that, considering Plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 133). The ALJ therefore concluded that Plaintiff was not under a disability, as defined in the Social Security Act, from the alleged onset date through the date of decision. *Id.*

## C.    *Plaintiff's Arguments*

Plaintiff advances one argument on appeal: that the ALJ's decision was not supported by substantial evidence. (Doc. # 12-1 at 1). However, a review of the ALJ's decision and the record show that the ALJ's decision was indeed supported by substantial evidence. In advancing her appeal, Plaintiff challenges the ALJ's determination of her credibility and the ALJ's determination of her RFC.

The crux of Plaintiff's motion is that the ALJ's RFC is not based on the entire record, but instead on a "flawed and incomplete evaluation of the evidence." *Id.* at 2.

Specifically, Plaintiff alleges that the ALJ ignored the evidence supporting Plaintiff's complaints of severe and disabling pain, instead focusing on other parts of the medical evidence. *Id.* This contrast—between Plaintiff's complaints of pain and the medical evidence in the record—is the heart of the Court's analysis.

### 1. The ALJ did not err in assessing Plaintiff's credibility.

Subjective allegations of disabling symptoms, such as pain, are not sufficient to independently support a finding of disability. *Duncan v. Sec'y of Health and Human Servs.*, 801 F.2d 847, 852 (6th Cir. 1986) (citing 20 C.F.R. § 404.1529). The methodology for evaluating symptoms, such as pain, is codified in this section of the Code of Federal Regulations, and requires the ALJ to "consider all [the claimant's] symptoms, including pain, and the extent to which [the claimant's] symptoms can reasonably be accepted as consistent with objective medical evidence and other evidence." 20 C.F.R. § 404.1529(a).

In evaluating the intensity and persistence of symptoms, including pain, the ALJ considers "all of the available evidence, including [the claimant's] history, the signs and laboratory findings, and statements from [the claimant]," and the medical opinions in evidence. 20 C.F.R. § 404.1529(c)(1). The ALJ also considers objective medical evidence to evaluate the intensity and persistence of a claimant's symptoms; however, the ALJ is prohibited from rejecting a claimant's statements about intensity and persistence of symptoms on the sole basis that the available objective medical evidence does not support the claimant's statements. *Id.* at (c)(2). Put simply, there "must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from that condition or (2) the objectively determined medical condition must be of a severity which can reasonably be

expected to give rise to the alleged pain." *Duncan*, 801 F.2d at 853 (quoting S.Rep. No. 466, 98th Cong., 2d Sess. 24, reprinted in 130 Cong.Rec. S6221 (daily ed. May 22, 1984)). Once the ALJ has made a determination on the claimant's credibility, the reviewing court must give great weight and deference to that conclusion. *Walters v. Comm'r of Soc. Sec.* 127 F.3d 525, 531 (6th Cir. 1997).

The ALJ found that Plaintiff had pain in her lower back, down her legs to her feet, that the pain was constant except for maybe one good day per month, and that she had trouble sleeping at night because of the pain. (Tr. 130). The ALJ considered that Plaintiff had physical therapy treatment twice per month and did physical therapy exercise at home, napped throughout the day, and could stoop, crouch, or squat, but could not bend down. *Id.* The Plaintiff also walked about twenty minutes per day, and took a break and rested afterwards. *Id.*

After considering the "totality of the evidence," the ALJ found that Plaintiff was not entirely credible, stating that the clinical findings and examination did not support her claims regarding the severity of her pain and weakness. *Id.* No treating or examining physician opined that Plaintiff was unable to work, and the ALJ found "little evidence in the medical records to substantiate disabling symptoms greater than determined [in the ALJ's RFC decision]." (Tr. 131). In particular, the ALJ noted that Plaintiff's alleged weakness was unsubstantiated: in January 2014, Plaintiff's records indicated only mildly decreased strength in her feet and lower legs; in May 2014, Plaintiff's gait and neurological exam were normal; and in September 2015, the Plaintiff had normal lower and upper motor strength and muscle tone. (Tr. 130-31). During the same time frame, Plaintiff's October 2013 emergency room visit showed no pain with palpitation and normal

appearing extremities; and in September 2015, the Plaintiff appeared in "no apparent distress." (Tr. 131). X-rays showed clinical findings "consistent with degenerative and arthritic changes." *Id.*

Plaintiff argues that the medical evidence documented "severe, ongoing pain after her surgery," and that she "presented evidence that her pain was severe but the ALJ did not consider it." (Doc. # 12-1 at 10). The record belies these arguments: Exhibit 5F—the last two treatment notes provided from Doctor Menke, Plaintiff's back surgeon—show her improving and recovering from the surgery quite well. (Tr. 458-59). In March 2012, Doctor Menke indicated that Plaintiff was "making progress," that sometimes her back "goes out," that she has been able to obtain relief through therapy for this issue, and that "these episodes are certainly becoming less frequent." (Tr. 459). Doctor Menke indicated that if Plaintiff were to go back to work, he would limit her to the following work: "No lifting over 20 lbs. occasionally, 10 lbs. frequently. No repetitive bending, stooping or twisting. I would define repetitive as 4 repetitions per hour." *Id.* He also stated that these restrictions would be temporary, and that he would hope to lift them in May when Plaintiff returned for follow up. *Id.* In May, Plaintiff returned to Doctor Menke and told him that "she [was] doing very well." (Tr. 458). She had "excellent 5/5 strength in the lower extremities." *Id.* As a result, Doctor Menke released Plaintiff from his care, stating that "she [had] no work restrictions." *Id.*

In February 2013, Plaintiff told the staff at the Lexington Clinic that she had started having back pain "11 days ago … Pushing grandson on tractor. Worse last 5 days. Midback with spasms." (Tr. 456). Thus, the medical evidence does not document a direct line of "severe, ongoing pain" from Plaintiff's discectomy. In fact, the evidence cited by

7

Plaintiff shows that, despite Plaintiff's claim that her back pain gets up to "10/10" (Tr. 419, 697, 700), and even "12/10" (Tr. 521), it is not as severe as before Plaintiff had back surgery in 2011. (Tr. 419).

The ALJ determined that Plaintiff's statements regarding the intensity, frequency, and limiting effects of her symptoms were not entirely credible. Having reviewed the ALJ's assessment of Plaintiff's subjective complaints of pain and the objective medical evidence, the Court finds no error in the ALJ's determination of Plaintiff's credibility.

## 2. The ALJ's RFC assessment was supported by substantial evidence.

An RFC is "an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities." SSR 96-8p, 61 Fed. Reg. 34474-01 (July 2, 1996). It is "not the *least* an individual can do despite his or her limitations or restrictions, but the *most*." *Id.* (emphasis in original); s*ee also* 20 C.F.R. § 404.1545(a)(1). The ALJ assesses a claimant's RFC and the total limiting effects of the claimant's impairment(s) "based on all of the relevant medical and other evidence." 20 C.F.R. § 404.1545(a)(3), (e). However, the ALJ is required to incorporate into his assessment only those limitations that the ALJ finds credible. *Irvin v. Social Sec. Admin.*, 573 F. App'x 498, 502 (6th Cir. 2014) (citing *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993)).

To determine the Plaintiff's RFC, the ALJ analyzed the record, including medical and testimonial evidence. (Tr. 129-32). The ALJ considered Plaintiff's testimony at the hearing on this matter, the questionnaires she completed, the objective radiographic

8

findings, the documentation of Plaintiff's hospital visits, and the treatment notes from Doctor Hutchinson, Doctor Flinchum, and Physical Therapist Steven Marcum. *Id.* The ALJ also considered the June 2014 opinion of reviewing physician Doctor Guerrero and medical consultant Doctor Dinwoodie's mental assessment of Plaintiff. (Tr. 131-132).

Plaintiff's argument emphasizes the contrast between her claims of severe pain and the ALJ's focus on the objective medical evidence. (Doc. 12-1 at 1). The ALJ did not completely reject Plaintiff's symptoms of pain, or that post-discectomy degenerative disc disease may be the medical source of the pain, but determined that the evidence did not show that the severity of the pain was supported by the medical evidence. (Tr. 130, 132). Considering the statements of the physicians and the objective medical evidence, substantial evidence supports the ALJ's determination that Plaintiff's pain was not as severe as she claims, and no objective medical evidence confirming the severity of the Plaintiff's impairment would reasonably give rise to the pain she complains of. The ALJ's decision is supported by substantial evidence. *See Her*, 203 F.3d at 389-90 (""Even if the evidence could also support another conclusion, the decision of the [ALJ] must stand if the evidence could reasonably support the conclusion reached.").

Plaintiff's primary request is that this Court find that the ALJ emphasized certain aspects of the medical record in favor of others. However, this is tantamount to requesting a *de novo* review of the record, a task far beyond the Court's limited role in determining whether the ALJ's finding is supported by substantial evidence. *See Roberts v. Astrue*, No. 1:09-01518, 2010 WL 2342492, at *9 (N.D. Ohio June 9, 2010). As stated earlier, an administrative decision is not subject to reversal merely because substantial evidence

would have supported the opposite conclusion. *Chater*, 99 F.3d at 781-82. Substantial evidence exists to support the ALJ's decision, and the Court's review must stop there.

### III. CONCLUSION

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1) The decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED**;

(2) Plaintiff's Motion for Summary Judgment (Doc. # 12) is hereby **DENIED**;

(3) Defendant's Motion for Summary Judgment (Doc. # 14) is hereby **GRANTED;** and

(4) A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

This 10th day of September, 2017.



Signed By:
*David L. Bunning* DB
United States District Judge

K:\DATA\SocialSecurity\MOOs\Lexington\16-437 Lawson MOO.docx